IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ALEX MELVIN WADE, JR., §
 §
       Petitioner, §
 §
v. §
 § CIVIL ACTION NO. H-19-0391
LORIE DAVIS, Director, §
Texas Department of Criminal §
Justice - Correctional §
Institutions Division, §
 §
       Respondent. §

**MEMORANDUM OPINION AND ORDER**

Former state inmate Alex Melvin Wade, Jr. (former TDCJ #01624189) has filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody ("Petition") (Docket Entry No. 1) to challenge a condition imposed upon his supervised release from prison onto parole. Now pending is Respondent's Motion for Summary Judgment With Brief in Support ("Respondent's MSJ") (Docket Entry No. 7). Wade has not filed a response and his time to do so has expired. After considering all of the pleadings and the applicable law, the Respondent's MSJ will be granted, and this action will be dismissed for the reasons explained below.

**I. Background**

In 2010 a jury in the 185th District Court of Harris County, Texas, found Wade guilty of attempted theft in connection with a

scheme to defraud an insurance company of more than $200,000.00.¹ After finding that Wade had two prior felony convictions for theft and forgery, the trial court sentenced him to 45 years' imprisonment.²

Wade does not challenge the validity of his underlying convictions here. Instead, he challenges a condition imposed by the Texas Board of Pardons and Paroles (the "Parole Board") in connection with his supervised release from prison onto parole.³

When Wade was released from prison on August 23, 2017, the Parole Board imposed "Special Condition C," which prohibits Wade from opening or maintaining a checking account, a savings account, or a credit or debit card, and also prohibits him from participating in electronic financial transmissions.⁴ Wade challenged the imposition of Special Condition C in state court by filing an Application for a Writ of Habeas Corpus Seeking Relief From [a] Final Felony Conviction Under [Texas] Code of Criminal Procedure Article 11.07 ("State Habeas Application"), arguing that

---

¹See Judgment of Conviction by Jury in Cause No. 1222385, Docket Entry No. 9-45, p. 54; see also Indictment, Docket Entry No. 9-45, p. 48 (describing the charged offense).

²See Judgment of Conviction by Jury in Cause No. 1222385, Docket Entry No. 9-45, p. 54; see also Indictment, Docket Entry No. 9-45, p. 48 (listing two prior felony convictions for theft and forgery for purposes of enhancing Wade's punishment).

³Petition, Docket Entry No. 1, p. 5.

⁴Notice of Special Conditions, Docket Entry No. 9-45, p. 23.

Special Condition C has deprived him of "his constitutional rights, life, liberty and the [pursuit] of [happiness] while in society."[5] The state habeas corpus court found that the Parole Board acted within its authority to impose special conditions on Wade's release and, therefore, the decision was not subject to judicial review.[6] The Texas Court of Criminal Appeals agreed and denied Wade's State Habeas Application without a written order on January 10, 2018.[7]

In a federal habeas corpus Petition that was filed on February 1, 2019, Wade repeats his claim that Special Condition C is "depriving him of [his] constitutional rights, [life], liberty and pursuit of happiness while in society."[8] The respondent moves for summary judgment, arguing that Wade fails to state a viable claim for relief because his challenge to the conditions imposed on his parole is actionable, if at all, in a civil rights action under 42 U.S.C. § 1983, and not under the federal habeas corpus statutes.[9] The respondent argues further that the Parole Board acted within its authority when it imposed Special Condition C and

---

[5]State Habeas Application, Docket Entry No. 9-45, p. 10.

[6]State's Proposed Findings of Fact, Conclusions of Law, and Order, Docket Entry No. 9-45, p. 38 (citing Ex parte Geiken, 28 S.W.3d 553, 556 (Tex. Crim. App. 2000)).

[7]Action Taken on Writ No. 65,555-28, Docket Entry No. 9-44, p. 1.

[8]Petition, Docket Entry No. 1, p. 5.

[9]Respondent's MSJ, Docket Entry No. 7, pp. 5-6.

that Wade is not entitled to relief because he does not demonstrate a violation of his constitutional rights.[10]

## II. Discussion

A district court is authorized to entertain a habeas corpus petition on behalf of a person incarcerated pursuant to a state court judgment if the prisoner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A person released on parole is considered "in custody" for purposes of a district court's habeas corpus jurisdiction. See Maleng v. Cook, 109 S. Ct. 1923, 1925 (1989) (citing Jones v. Cunningham, 83 S. Ct. 373 (1963) (holding that a prisoner placed on parole was still "in custody" under his unexpired sentence)).

The Supreme Court has clarified that the writ of habeas corpus is the "sole federal remedy" for a prisoner challenging the "fact or duration" of his confinement where the relief sought is "immediate release or a speedier release" from custody. Preiser v. Rodriguez, 93 S. Ct. 1827, 1841 (1973). By contrast, claims concerning the conditions of confinement may be brought in a civil rights action under 42 U.S.C. § 1983. See Nelson v. Campbell, 124 S. Ct. 2117, 2122 (2004); see also Poree v. Collins, 866 F.3d 235, 243 (5th Cir. 2017) ("Which statutory vehicle to use depends on the nature of the claim and the type of relief requested, the

---

[10]Id. at 6.

instructive principle being that challenges to the fact or duration of confinement are properly brought under habeas, while challenges to the conditions of confinement are properly brought under § 1983.") (footnotes omitted).

The respondent argues that habeas review is not appropriate and that Wade's claims are "better raised in a civil rights complaint pursuant to 42 U.S.C. § 1983," because Wade does not seek relief in the form of immediate or speedier release from the fact or duration of his parole,[11] which will not expire until June 26, 2052.[12] As respondent appears to acknowledge, however, the law in this circuit regarding challenges to the terms and conditions imposed on a prisoner's supervised release is unsettled.[13]

The Fifth Circuit has observed that "[t]he line between claims which must initially be pressed by writ of habeas corpus and those cognizable under § 1983 is a blurry one." Cook v. Texas Dep't of Criminal Justice, Transitional Planning Dep't, 37 F.3d 166, 168 (5th Cir. 1994). "The core issue in determining whether a prisoner must pursue habeas corpus relief rather than a civil rights action is to determine whether the prisoner challenges the 'fact or duration' of his confinement or merely the rules, customs, and

---

[11]Respondent's MSJ, Docket Entry No. 7, p. 5.

[12]Certificate of Parole, Exhibit A to Respondent's MSJ, Docket Entry No. 7-2, p. 3 (noting that the "maximum expiration date" of Wade's parole, if satisfactorily completed, is July 26, 2052).

[13]Respondent's MSJ, Docket Entry No. 7, p. 5.

procedures affecting 'conditions' of confinement." Id. (citing Spina v. Aaron, 821 F.2d 1126, 1128 (5th Cir. 1987)). Where there is any doubt about the proper vehicle, the Fifth Circuit has adopted a "bright-line rule" for resolving whether a claim is actionable on habeas corpus review or must be raised in a civil rights complaint under § 1983: "If a favorable determination . . . would not automatically entitle [the prisoner] to accelerated release . . . the proper vehicle is a § 1983 suit." Carson v. Johnson, 112 F.3d 818, 820-21 (5th Cir. 1997) (citation and internal quotation marks omitted). Under this rule the Fifth Circuit has held that an action under § 1983 is an "appropriate legal vehicle" to attack "unconstitutional parole procedures or conditions of confinement." Cook, 37 F.3d at 168 (citing Johnson v. Pfeiffer, 821 F.2d 1120, 1123 (5th Cir. 1987); and Preiser, 93 S. Ct. at 1840-41).

Wade's claim does not challenge the fact or duration of his term of parole. Likewise, Wade does not take issue with the procedures used to grant his release on parole. He seeks relief in the form of release from a condition imposed by the Parole Board that he claims unlawfully restricts his ability to open a checking or savings account, among other financial transactions. Whether habeas corpus is foreclosed for claims that do not implicate the fact or duration of confinement is "less clear." Poree, 866 F.3d at 243 (declining to address whether habeas is available only for

fact-or-duration claims). The Fifth Circuit has, however, considered the propriety of restrictive conditions imposed on an offender's parole in the habeas context in a case involving sex offender registration and therapy requirements. See Coleman v. Dretke, 395 F.3d 216, 222-23 (5th Cir. 2004) (per curiam) (concluding that the State of Texas was required to provide procedural due process before imposing sex offender registration or therapy as conditions to the release on parole of an offender who had never been convicted of a sex offense). In Coleman the Fifth Circuit commented in a footnote that because the petitioner sought "release" from the restrictive parole condition at issue he "correctly brought suit under the habeas statute." Id. at 219, n.2. In a later opinion on the denial of rehearing en banc, the Fifth Circuit acknowledged that neither the Supreme Court nor the Fifth Circuit had previously held that certain claims must be brought under 42 U.S.C. § 1983 rather than 28 U.S.C. § 2254, but rejected the proposition raised in a dissent that the general remedy found in § 1983 should apply over the specific remedy found in § 2254. See Coleman v. Dretke, 409 F.3d 665, 670 (5th Cir. 2005) ("Coleman II") (per curiam) (citing Preiser, 93 S. Ct. at 1836-37).

In light of Coleman the court is not persuaded that Wade's claim must be raised under § 1983 and that habeas review is improper. Regardless of which legal vehicle is appropriate,

"[n]either habeas nor civil rights relief can be had absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States." Allison v. Kyle, 66 F.3d 71, 73 (5th Cir. 1995) (per curiam) (citation and internal quotation marks omitted). Wade does not make that showing here.

As the respondent notes, the Parole Board is authorized by Texas law to impose "conditions of parole or mandatory supervision, including special conditions[.]"[14] Tex. Gov't Code § 508.0441(a)(2). The Parole Board has authority to impose any condition that a court may impose on a defendant placed on community supervision. Tex. Gov't Code § 508.221. In Texas the conditions imposed on supervised release need only be reasonable and "designed to protect or restore the community, protect or restore the victim, or punish, rehabilitate, or reform the defendant." Tex. Code Crim. Proc. art. 42A.301(a). Applying these statutes to Wade's claim the state habeas corpus court expressly found that the conditions imposed on Wade's parole were authorized and implicitly found that those conditions were reasonable.[15] These findings, which were adopted by the Texas Court of Criminal Appeals, are entitled to deference on federal habeas review. See Arnold v. Cockrell, 306 F.3d 277, 279 (5th Cir. 2002) ("We will take the word of the highest court on

---

[14]Respondent's MSJ, Docket Entry No. 7, p. 6.

[15]See State's Proposed Findings of Fact, Conclusions of Law, and Order, Docket Entry No. 9-45, pp. 37-38.

criminal matters of Texas as to the interpretation of its law, and we do not sit to review that state's interpretation of its own law.") (quoting Seaton v. Procunier, 750 F.2d 366, 368 (5th Cir 1985)).

Wade, whose underlying conviction involved attempted theft by fraud of more than $200,000.00 and who has a prior criminal conviction for forgery, has not shown that the Parole Board exceeded its authority or acted unreasonably when imposing Special Condition C. Wade has not established that Special Condition C implicates a constitutionally protected liberty interest of the type at issue in Coleman, or that any conditions were imposed on his parole without adequate justification. Wade does not otherwise cite any authority showing that the imposition of Special Condition C poses a constitutional violation. Although Wade's pro se pleadings are entitled to a liberal construction, his conclusory allegations are insufficient to raise a constitutional issue. See Ross v. Estelle, 694 F.2d 1008, 1012 (5th Cir. 1983) (citing Schlang v. Heard, 691 F.2d 796, 798 (5th Cir. 1982) (collecting cases)); accord United States v. Pineda, 988 F.2d 22, 23 (5th Cir. 1993) ("[M]ere conclusory allegations on a critical issue are insufficient to raise a constitutional issue."). Because Wade does not demonstrate that he is entitled to relief under the federal habeas corpus statutes or 42 U.S.C. § 1983, the Respondent's MSJ will be granted, and this case will be dismissed.

## III. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S. Ct. at 1604.

A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). For reasons set forth above, this court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner states a valid claim for relief. Therefore, a certificate of appealability will not issue.

## IV. Conclusion and Order

Accordingly, the court **ORDERS** as follows:

1. The Respondent's Motion for Summary Judgment (Docket Entry No. 7) is **GRANTED**.

2. The Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody filed by Alex Melvin Wade, Jr. (Docket Entry No. 1) is **DENIED**, and this case will be dismissed with prejudice.

3. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the petitioner.

**SIGNED** at Houston, Texas, on this the 15th day of May, 2019.

SIM LAKE
UNITED STATES DISTRICT JUDGE